IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO HERNANDEZ,<br><br>    Plaintiff,<br><br>vs.<br><br>M. CATE, et al.,<br><br>    Defendants. | No. C 13-5633 YGR (PR)<br><br>**ORDER OF PARTIAL DISMISSAL AND SERVICE** |

## INTRODUCTION

Plaintiff, a state prisoner currently incarcerated at Pelican Bay State Prison ("PBSP"), filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's motion for leave to proceed *in forma pauperis* has been granted. Venue is proper because the events giving rise to his claims are alleged to have occurred at PBSP, which is located in this judicial district. *See* 28 U.S.C. § 1391(b). Plaintiff seeks injunctive relief and monetary damages.

In his complaint, Plaintiff claims that on June 9, 2011, his cell door was opened without any explanation, and he assumed it was because he was to line up to receive his medication. Dkt. 1 at 11-12.[1] As Plaintiff prepared to line up, another prisoner was released and an altercation took place between that prisoner and Plaintiff. *Id.* at 12. Both Plaintiff and the other prisoner were pepper sprayed and shot with a "40 mm launcher" to break up their altercation, and Plaintiff claims that he was not offered proper decontamination from the effects of the pepper spray. *Id.* at 12-13. Plaintiff claims that one hour after the incident, he was eventually taken to the hospital, where medical staff attempted to decontaminate him and treat his other injuries, including injuries to his right foot, left right finger and right thumb, as well as multiple lacerations and abrasions to his head and body. *Id.* at 18-19. When he returned to prison the next day, Plaintiff claims he was still in need of more decontamination, but it was not until twenty hours after the incident that he was allowed to decontaminate by taking a shower. *Id.* at 19-22.

On June 17, 2011, Plaintiff claims that he was served with a disciplinary rules violation report for "attempted murder for the altercation." *Id.* at 25. Plaintiff claims, among other violations,

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Plaintiff.

he was denied the right to prepare for the disciplinary hearing with an investigative employee and that he was denied the right to call witnesses. *Id.* at 25, 31. After the disciplinary hearing, Plaintiff was sentenced to a three-year term at the Security Housing Unit ("SHU"). *Id.* at 26.

## DISCUSSION

### I. Standard of Review

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. §1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §1915A(b)(1),(2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### II. Legal Claims

#### A. Cognizable Claims

In his complaint, Plaintiff alleges multiple claims involving various PBSP prison officials. Specifically, the Court finds that Plaintiff has alleged the following cognizable claims against the following named Defendants:

(1) a claim of deliberate indifference to Plaintiff's safety in violation of his Eighth Amendment rights, stemming from the June 9, 2011 incident in which he was attacked by another prisoner, and Plaintiff has adequately linked Defendants Yang, Clemons, Osten, and Newton to his claim;

(2) a claim of the use of excessive force in violation of Plaintiff's Eighth Amendment rights, stemming from the June 9, 2011 incident in which Plaintiff was pepper sprayed and other acts of excessive force was used against him, and Plaintiff has adequately linked Defendants Yang, Clemons, Osten, Newton, and Cabrera to his claim;

(3) a claim of deliberate indifference to Plaintiff's serious medical needs in violation of his Eighth Amendment rights, stemming from the failure to properly decontaminate him and treat his injuries stemming from the June 9, 2011 incident, and Plaintiff has adequately linked Defendants Clemons, Newton, Woods, Tupy, Cabrera, Presler, Butcher, Pimentel, Nakamura, Lentz, and Creed to his claim;

(4) a cognizable claim for a denial of due process and a violation of California Penal

Code § 2932 against Defendant Vanderhoofvan based on Plaintiff's allegations regarding the improper guilty finding at the unconstitutional disciplinary hearing and resulting three-year SHU term stemming from the disciplinary rules violation report for "attempted murder for the altercation" on June 9, 2011; and

(5) a conspiracy claim under § 1983 against Defendants Creed, Lentz, Nakamura, Clemons, Pimentel, Woods, Tupy, Cabrera and Newton for conspiring to conceal the constitutional violations, specifically the use of excessive force against Plaintiff.

Dkt. 1 at 23-24; 29-33.

### B. State Law Claims

Plaintiff alleges that Defendants' aforementioned actions in violation of his federal due process rights also violate various provisions of California constitutional and statutory law. The federal supplemental jurisdiction statute provides that "'district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.'" 28 U.S.C. § 1367(a).

Plaintiff asserts supplementary state law claims that the actions of Defendants violated the rights afforded to him by California constitutional and statutory law. Liberally construed, Plaintiff's allegations satisfy the statutory requirement. Accordingly, the Court will exercise supplemental jurisdiction over Plaintiff's state law claims.

### C. Supervisory Liability Claims

Plaintiff has named the following Defendants in the caption of his complaint: Former Secretary of the California Department of Corrections and Rehabilitation ("CDCR") M. Cate; CDCR Secretary J. Beard; PBSP Acting Warden C. Ducart; and Former PBSP Warden Ron E. Barns. Dkt. 1 at 1, 6-7. However, Plaintiff does not claim that these aforementioned Defendants personally violated his constitutional rights. Rather, Plaintiff seems to contends that these Defendants are liable based on the conduct of their subordinates, the aforementioned PBSP Defendants. However, there is no respondeat superior liability under § 1983. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, Plaintiff must allege that the supervisory liability Defendants "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Id.* Here, no facts are alleged to establish supervisorial liability on the part of these Defendants. Accordingly, Plaintiff's supervisory liability claims against Defendants Cate, Beard,

3

Ducart, and Barns are DISMISSED without prejudice.

### D.     Claims Relating to Grievance Procedure

The complaint also does not state a section 1983 claim upon which relief may be granted against Defendants Former PBSP Warden G. D. Lewis, PBSP Captain Olson, and PBSP Chief Executive Officer Maureen McLean, who allegedly improperly denied Plaintiff's inmate appeals. The failure to grant an inmate's appeal in the prison administrative appeal system does not amount to a due process violation. There is no federal constitutional right to a prison administrative appeal or grievance system for California inmates. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). The denial of an inmate appeal is not so severe a change in condition as to implicate the Due Process Clause itself and the State of California has not created a protected interest in an administrative appeal system in its prison. California's regulations grant prisoners a purely procedural right: the right to have a prison appeal. *See* Cal. Code Regs. tit 15, §§ 3084 *et seq*. A provision that merely provides procedural requirements, even if mandatory, cannot form the basis of a constitutionally cognizable liberty interest. *See Smith v. Noonan*, 992 F.2d 987, 989 (9th Cir. 1993); *see also Antonelli*, 81 F.3d at 1430 (prison grievance procedure is procedural right that does not give rise to protected liberty interest requiring procedural protections of Due Process Clause). Plaintiff had no federal constitutional right to a properly functioning appeal system. Therefore, an incorrect decision on an administrative appeal or failure to process the appeal in a particular way did not amount to a violation of his right to due process. Accordingly, Plaintiff's claims relating to the grievance procedure against Defendants Lewis, Olson, and McLean are DISMISSED.

### E.     Retaliation and Denial of Access to Courts Claims Against Defendant Reich

Plaintiff alleges that on June 29, 2012, more than a year after the June 9, 2011 incident, Defendant PBSP Correctional Officer Reich conducted a search of Plaintiff's cell and confiscated certain legal materials, in retaliation against Plaintiff for filing grievances relating to the June 9, 2011 incident. Dkt. 1 at 27-28, 30-31. Prisoners may not be retaliated against for exercising their right of access to the courts, *Schroeder v. McDonald*, 55 F.3d 454, 461 (9th Cir. 1995), which

4

extends to established prison grievance procedures. *Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995).

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). *Accord Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (prisoner suing prison officials under section 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline). A prisoner must at least allege that he suffered harm, since harm that is more than minimal will almost always have a chilling effect. *Rhodes*, 408 F.3d at 567-68 n.11; *Resnick v. Hayes*, 213 F.3d 443, 449 (9th Cir. 2000) (holding that a retaliation claim is not actionable unless there is an allegation of harm). Meanwhile, Plaintiff's constitutional right of access to the courts is limited to the initiation of a court action. *Lewis v. Casey*, 518 U.S. 343, 354 (1996).

However, here, Plaintiff seems to be alleging that Defendant Reich's actions dispossessed Plaintiff of his legal materials than that it had a chilling effect on the exercise of his First Amendment Rights or that it prevented him from initiating the instant action. Plaintiff does not allege that the confiscation of his legal materials prevented him from filing further grievances or from filing the instant action, or even that it had a chilling effect on his ability to do so. Indeed, he continued to file numerous grievances, and he has successfully filed the instant action. Because there is no constitutionally cognizable harm as a result of Defendant Reich's actions during the cell search, Plaintiff's allegations do not amount to either a claim of retaliation or a claim of denial of access to the courts. Accordingly, the Court DISMISSES Plaintiff's claims against Defendant Reich of retaliation and denial of access to the courts.

### F. Claims Against Doe Defendants

Plaintiff identifies "Does 1-20," whose names he intends to learn through discovery. The use of Doe Defendants is not favored in the Ninth Circuit. *See Gillespie v. Civiletti*, 629 F.2d 637,

642 (9th Cir. 1980). However, where the identity of alleged defendants cannot be known prior to the filing of a complaint the plaintiff should be given an opportunity through discovery to identify them. *Id.* Failure to afford the plaintiff such an opportunity is error. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999). Accordingly, the claims against these Doe Defendants are DISMISSED from this action without prejudice. Should Plaintiff learn these Doe Defendants' identities through discovery, he may move to file an amendment to the complaint to add them as named defendants. *See Brass v. County of Los Angeles*, 328 F.3d 1192, 1195-98 (9th Cir. 2003).

## **CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. The Court finds that Plaintiff has alleged the following cognizable claims against the following named Defendants:

    a. a claim of deliberate indifference to Plaintiff's safety in violation of his Eighth Amendment rights, stemming from the June 9, 2011 incident in which he was attacked by another prisoner, and Plaintiff has adequately linked Defendants Yang, Clemons, Osten, and Newton to his claim;

    b. a claim of the use of excessive force in violation of Plaintiff's Eighth Amendment rights, stemming from the June 9, 2011 incident in which Plaintiff was pepper sprayed and other acts of excessive force was used against him, and Plaintiff has adequately linked Defendants Yang, Clemons, Osten, Newton, and Cabrera to his claim;

    c. a claim of deliberate indifference to Plaintiff's serious medical needs in violation of his Eighth Amendment rights, stemming from the failure to properly decontaminate him and treat him for his injuries stemming from the June 9, 2011 incident, and Plaintiff has adequately linked Defendants Clemons, Newton, Woods, Tupy, Cabrera, Presler, Butcher, Pimentel, Nakamura, Lentz, and Creed to his claim;

    d. a cognizable claim for a denial of due process and a violation of California Penal Code § 2932 against Defendant Vanderhoofvan based on Plaintiff's allegations regarding the improper guilty finding at the unconstitutional disciplinary hearing and resulting three-year SHU term stemming from the disciplinary rules violation report for "attempted murder for the altercation" on June 9, 2011; and

    e. a conspiracy claim under § 1983 against Defendants Creed, Lentz, Nakamura, Clemons, Pimentel, Woods, Tupy, Cabrera and Newton for conspiring to conceal the constitutional violations, specifically the use of excessive force against Plaintiff.

2. The Court will exercise supplemental jurisdiction over Plaintiff's state law claims.

3. Plaintiff's supervisory liability claims against Defendants Cate, Beard, Ducart, and Barns are DISMISSED without prejudice.

4. Plaintiff's claims relating to the grievance procedure against Defendants Lewis,

Olson, and McLean are DISMISSED.

    5.    Plaintiff's retaliation and denial of access to the courts claims against Defendant Reich are DISMISSED without prejudice.

    6.    Plaintiff's claims against Doe Defendants are DISMISSED without prejudice.

    7.    The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (dkt. 1) and a copy of this Order to the following Defendants at PBSP: **Captain T. Woods; Lieutenants F. Vanderhoofvan and R. Tupy; Sergeants T. Cabrera, R. Presler, and R. Butcher; Correctional Officers G. Pimentel, D. Yang, J. Clemons, T. Osten, and B. Newton; Registered Nurses S. Nakamura and Lentz; and Licensed Vocational Nurse M. Creed.** The Clerk of the Court shall also mail a copy of the complaint and a copy of this Order to the State Attorney General's Office in San Francisco. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

    8.    Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

    9.    Defendants shall answer the complaint in accordance with the Federal Rules of Civil

7

Procedure. The following briefing schedule shall govern dispositive motions in this action:

    a.    No later than **sixty (60) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a *Rand*[2] notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in *Rand* must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice. However, the Court notes that under the *new* law of the circuit, in the rare event that a failure to exhaust is clear on the face of the complaint, Defendants may move for dismissal under Rule 12(b)(6) as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"), should be raised by a defendant as an unenumerated Rule 12(b) motion). Otherwise if a failure to exhaust is *not* clear on the face of the complaint, Defendants must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56. *Id.* If undisputed evidence viewed in the light most favorable to Plaintiff shows a failure to exhaust, Defendants are entitled to summary judgment under Rule 56. *Id.* But if material facts are disputed, summary judgment should be denied and the district judge rather than a jury should determine the facts in a preliminary proceeding. *Id.* at 1168.

If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

    b.    Plaintiff's opposition to the dispositive motion shall be filed with the Court

---

[2] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

8

and served on Defendants no later than **twenty-eight (28) days** after the date on which Defendants' motion is filed.

    c. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154 F.3d at 962-63.

  Plaintiff also is advised that -- in the rare event that Defendants argue that the failure to exhaust is clear on the face of the complaint -- a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. To avoid dismissal, you have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents -- documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. As mentioned above, in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact

with regard to this portion of the case. *Albino*, 747 F.3d at 1168.

(The notices above do not excuse Defendants' obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 935.)

      d.    Defendants shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

      e.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

10.    Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

11.    All communications by Plaintiff with the Court must be served on Defendants or their counsel, once counsel has been designated, by mailing a true copy of the document to them.

12.    It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

13.    Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

IT IS SO ORDERED.

DATED: October 29, 2014

                                              **Y**VONNE **G**ONZÁLEZ **R**OGERS
                                              **U**NITED **S**TATES **D**ISTRICT **C**OURT **J**UDGE