UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EDUARDO HERNANDEZ,

      Plaintiff,

      v.

T. WOODS, et al.,

      Defendants.

Case No.  13-cv-05633-YGR (PR)

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION; AND DENYING HIS MOTION TO STAY PROCEEDINGS**

Before the Court is Plaintiff's motion for reconsideration of the Court's June 4, 2014 Order denying appointment of counsel.  Dkt. 38.

Rule 60(b) provides for reconsideration only upon a showing of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief.  *See* Fed. R. Civ. P. 60(b).  Subparagraph (6) requires a showing that the grounds justifying relief are extraordinary.  Mere dissatisfaction with the Court's order, or belief that the Court is wrong in its decision, are not grounds for relief under subparagraph (6) or any other provision of Rule 60(b).  "'[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"  *Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (quoting *United States v. Desert Gold Mining Co.*, 433 F.2d 713, 715 (9th Cir. 1970)).

Plaintiff presents no grounds that warrant reconsideration.  As explained in the Court's Order denying appointment of counsel, there is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation.  *See Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in section 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc).  The court may ask counsel to represent an indigent litigant under 28 U.S.C. § 1915 only in "exceptional circumstances," the

United States District Court
Northern District of California

determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.  *See id.* at 1525; *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).  Both of these factors must be viewed together before reaching a decision on a request for counsel under section 1915.  *See id.* At present, the Court is unable to assess whether exceptional circumstances exist which would warrant seeking volunteer counsel to accept a *pro bono* appointment.  The proceedings are at an early stage and it is premature for the Court to determine Plaintiff's likelihood of success on the merits.  Accordingly, Plaintiff's motion for reconsideration is DENIED.  Dkt. 38.  The Court will consider appointment of counsel later in the proceedings, after Defendants have filed their dispositive motion and the Court has a better understanding of the procedural and substantive matters at issue.  Therefore, Plaintiff may file a renewed motion for the appointment of counsel after Defendants' dispositive motion has been filed.  If the Court decides that appointment of counsel is warranted at that time, it will seek volunteer counsel to agree to represent Plaintiff *pro bono*.

In addition, Plaintiff has informed the Court that his legal materials and personal property have been "transpacked pending his transport" as he is being transferred to a new prison.  Dkt. 38 at 1.  Therefore, he is also requesting a stay in proceedings until after the transfer.  *Id.*  The Court DENIES Plaintiff's request.  At this time, Plaintiff has no pending deadlines as Defendants' dispositive motion has not yet been filed.  If Plaintiff's transfer has not taken place by the time he faces any future deadlines, then he may file a request for an extension of time to meet such deadlines.

This Order terminates Docket No. 38.

IT IS SO ORDERED.

Dated:  April 27, 2015

_____
YVONNE GONZALEZ ROGERS
United States District Judge