UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EDUARDO HERNANDEZ,

    Plaintiff,

v.

T. WOODS, et al.,

    Defendants.

Case No. 13-cv-05633-YGR (PR)

**ORDER DENYING PLAINTIFF'S RENEWED MOTION FOR RECONSIDERATION; DENYING HIS REQUEST FOR INJUNCTIVE RELIEF; AND GRANTING HIS REQUEST FOR EXTENSION OF TIME TO FILE OPPOSITION TO JOINT MOTION FOR SUMMARY JUDGMENT**

    Plaintiff, a state prisoner currently incarcerated at California State Prison - Sacramento (CSP-Sacramento), filed this civil rights action alleging multiple claims involving various Pelican Bay State Prison ("PBSP") prison officials, including a claim of deliberate indifference to his safety needs stemming from a June 9, 2011 incident in which he was attacked by another prisoner when he was incarcerated at PBSP.

    Before the Court are Plaintiff's motions, including: (1) his motion entitled, "Ex-Parte Motion for Stay/Reconsideration of All Previous Motions for Appointment of Counsel/Injunction to Be Appropriately Housed According to Classification Status With All Legal Case Files/Property" (Dkt. 76); (2) his request for an extension of time to file his opposition to Defendants' Joint Motion for Summary Judgment (Dkt. 76); and (3) his recently-filed motion entitled, "Ex-Parte Motion for Assignment of Counsel" (Dkt. 92).

**I. RENEWED MOTION FOR RECONSIDERATION OF DENIAL OF REQUEST FOR APPOINTMENT OF COUNSEL**

    The Court previously denied Plaintiff's request for the appointment of counsel based on his failure to identify exceptional circumstances warranting an appointment under 28 U.S.C. § 1915(e)(1). Dkt. 16; *see also Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (reciting standard for the appointment counsel). The Court then denied Plaintiff's motion for reconsideration of that ruling. Dkt. 49. Plaintiff has now filed two other requests for appointment of counsel, which the Court construes as his renewed motion for reconsideration. Dkts. 76, 92.

    "Reconsideration [of a prior order] is appropriate if the district court (1) is presented with

newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Plaintiff has failed to make the requisite showing for reconsideration. Nor is the Court otherwise persuaded that exceptional circumstances are present that warrant the appointment of counsel. In addition, the Court has since been informed that Plaintiff has obtained access to his legal property as of July 28, 2015. Dkt. 92-1 at 2; Maiorino Decl. ¶¶ 2-3, Ex. A. Accordingly, Plaintiff's renewed motion for reconsideration is DENIED. Dkts. 76, 92.

## II.   MOTION FOR INJUNCTIVE RELIEF

Plaintiff has filed a motion for injunctive relief. Dkt. 76. He has also filed a document entitled, "Ex-Parte Supplem[e]ntal/Addendum Motion to Ex-Parte Motion for Stay/Reconsideration of All Previously Filed Motions for Appointment of Counsel/Injunction to Be Appropriately Housed-As Classified-With All Legal Property," which the Court construes to be a memorandum in support of his motion for injunctive relief. Dkt. 80. Specifically, Plaintiff seeks injunctive relief concerning his housing assignment at CSP-Sacramento. *Id.* at 1-7. Plaintiff's motion for injunctive relief is against CSP-Sacramento prison officials, who are not Defendants in this lawsuit. *See id.*

The decision of whether to grant or deny a motion for preliminary injunction is a matter of the district court's discretion. *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). The standard for assessing a motion for preliminary injunction is set forth in *Winter v. Natural Res. Def. Council, Inc.*, __U.S. __, 129 S. Ct. 365, 376 (2008). "Under *Winter*, plaintiffs seeking a preliminary injunction must establish that (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) a preliminary injunction is in the public interest." *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1021 (9th Cir. 2009). To enforce an injunction against an individual or entity, the district court must have personal jurisdiction over them. *In re Estate of Ferdinand Marcos*, 94 F.3d 539, 545 (9th Cir. 1996).

Defendants argue that Plaintiff's motion for injunctive relief should be denied because this

2

Court lacks the requisite personal jurisdiction, stating:

> The Court does not have jurisdiction over any prison officials at CSP-Sacramento, since they are not parties to this action. *See In re Estate of Ferdinand Marcos*, 94 F.3d 539, 545 (9th Cir. 1996). "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added). Because Plaintiff's request for injunctive relief concerns issues not raised in this lawsuit and officials from another prison who are not defendants in this case, the Court should deny the motion.

Dkt. 83 at 2; *see also* Dkt. 81 at 6-7. This Court agrees with Defendants. Plaintiff's motion for injunctive relief (Dkt. 76) is DENIED because the Court lacks personal jurisdiction over any prison officials at CSP-Sacramento, who are not Defendants in this action.[1] *See In re Estate of Ferdinand Marcos*, 94 F.3d at 545 (An injunction against a party over whom the court lacks personal jurisdiction would be futile because the court would be powerless to enforce it.).

The Court notes that if Plaintiff wishes to pursue any claims regarding his conditions of confinement at CSP-Sacramento (which is not in this judicial district), he may do so by filing a separate civil rights action in the United States District Court for the Eastern District of California after exhausting his administrative remedies.

### III.    MOTION FOR EXTENSION OF TIME TO FILE OPPOSITION

Plaintiff has filed "Motion for Stay" (Dkt. 76), which the Court construes as a request for an extension of time in which to file his opposition to Defendants' Joint Motion for Summary Judgment. Having read and considered Plaintiff's request, and good cause appearing, Plaintiff's request for an extension of time is GRANTED.

The time in which Plaintiff may file his opposition to Defendants' Joint Motion for Summary Judgment will be extended up to and including **sixty (60) days** from the date of this Order.

---

[1] Again, the Court notes that Plaintiff has since obtained access to his legal property as of July 28, 2015. Dkt. 92-1 at 2; Maiorino Decl. ¶¶ 2-3, Ex. A. In his recently-filed motion for appointment of counsel, he no longer complains that he is without access to his legal property because he concedes to receiving such property as of July 28, 2015. Dkt. 92-1 at 2; *see generally* Dkts. 92, 92-1.

Defendants shall file a joint reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

This Order terminates Docket Nos. 76 and 92.

IT IS SO ORDERED.

Dated: October 29, 2015

_____
YVONNE GONZALEZ ROGERS
United States District Court Judge