UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EDUARDO HERNANDEZ,

    Plaintiff,

v.

T. WOODS, et al.,

    Defendants.

Case No. 13-cv-05633-YGR (PR)

**ORDER DENYING MOTION FOR RECONSIDERATION**

## I. INTRODUCTION

Plaintiff Eduardo Hernandez, a state prisoner currently incarcerated at the California Medical Facility ("CMF"), filed a civil rights action pursuant to 42 U.S.C. § 1983, alleging multiple constitutional violations stemming from his previous incarceration at Pelican Bay State Prison ("PBSP") and relating to a June 9, 2011 incident in which he got into an altercation with another prisoner, inmate Miller. He sought injunctive and declaratory relief as well as monetary damages. The following background is taken from the Court's October 29, 2014 Service Order:

> In his complaint, Plaintiff claims that on June 9, 2011, his cell door was opened without any explanation, and he assumed it was because he was to line up to receive his medication. Dkt. 1 at 11-12. As Plaintiff prepared to line up, another prisoner [inmate Miller] was released and an altercation took place between that prisoner and Plaintiff. *Id.* at 12. Both Plaintiff and the other prisoner were pepperسprayed and shot with a "40 mm launcher" to break up their altercation, and Plaintiff claims that he was not offered proper decontamination from the effects of the pepper spray. *Id.* at 12-13. Plaintiff claims that one hour after the incident, he was eventually taken to the hospital, where medical staff attempted to decontaminate him and treat his other injuries, including injuries to his right foot, left right finger and right thumb, as well as multiple lacerations and abrasions to his head and body. *Id.* at 18-19. When he returned to prison the next day, Plaintiff claims he was still in need of more decontamination, but it was not until twenty hours after the incident that he was allowed to decontaminate by taking a shower. *Id.* at 19-22.
>
> On June 17, 2011, Plaintiff claims that he was served with a disciplinary rules violation report for "attempted murder for the altercation." *Id.* at 25. Plaintiff claims, among other violations, he was denied the right to prepare for the disciplinary hearing with an investigative employee and that he was denied the right to call witnesses. *Id.* at 25, 31. After the disciplinary hearing, Plaintiff was

1         sentenced to a three-year term at the Security Housing Unit ("SHU"). *Id.* at 26.

2 Dkt. 25 at 1 (footnotes omitted and brackets added).

3     In an Order dated March 18, 2016, the Court granted Defendants joint motion to dismiss and motion for summary judgment and entered judgment in favor of Defendants. Dkts. 115, 116.

    On March 31, 2016, Plaintiff filed a request that the Court grant relief from its March 18, 2016 Order under Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure. Dkt. 117.

    Also before the Court is Plaintiff's most-recent filing, entitled, "Supplemental/Addendum Request," in which he requests a continuance before the Court rules on the aforementioned motion for reconsideration. Dkt. 118.

    For the reasons discussed below, Plaintiff's motion for a continuance is DENIED, and his motion for reconsideration is also DENIED.

## II. DISCUSSION

    Where, as here, the Court's ruling has resulted in a final judgment or order, a motion for reconsideration may be based either on Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. As of 2009, the Federal Appellate Rule 4's deadline to file a motion for reconsideration under either Rule 59(e) or Rule 60(b) is twenty-eight days. *See Classic Concepts, Inc. v. Linen Source, Inc.*, 716 F.3d 1282, 1285 (9th Cir. 2013). Plaintiff's present motion was filed within the twenty-eight day period, and it is therefore timely under both rules.

    A motion for reconsideration under Rule 59(e) "'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the law.'" *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (citation omitted) (en banc). A district court does not commit clear error warranting reconsideration when the question before it is a debatable one. *See id.* at 1256 (district court did not abuse its discretion in denying reconsideration where question whether it could enter protective order in habeas action limiting Attorney General's use of documents from trial counsel's file was debatable). Meanwhile, under Federal Rule of Civil Procedure 60(b), a party may seek relief from a judgment and to re-open his case in limited circumstances. The Rule provides:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding**. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The decision of whether or not to grant relief under Rule 60(b) is matter of the district court's discretion. *See Fantasyland Video, Inc. v. County of San Diego*, 505 F.3d 996, 1001 (9th Cir. 2007).

Rule 60(b)(6) allows courts the discretion "to vacate judgments whenever such action is appropriate to accomplish justice." *Phelps v. Alameida*, 569 F.3d 1120, 1135 (9th Cir. 2009) (citation omitted). Rule 60(b)(6) is to be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations omitted).

Here, Plaintiff presents no valid basis for reconsideration under either Rule 59(e) or Rule 60(b). As explained below, he alleges no new evidence that could not have been discovered with due diligence. While he makes certain conclusory arguments to this effect, he fails to show mistake, inadvertence, surprise, excusable neglect, fraud by the adverse party, or voiding of the judgment. Finally, he does not provide any other reason justifying relief, such as extraordinary circumstances.

Instead, as briefly mentioned above, in a conclusory fashion, Plaintiff's one-page motion states that he "requests an opportunity to overcome the deficiency and/or mistake, inadvertence,

3

excusable neglect, and requests relief from fraud, misrepresentation of fact and evidence submitted by opposing party." Dkt. 117 at 1.  It seems that Plaintiff points out that the Court, in granting Defendants' joint dispositive motion, did not consider certain documents because they were not signed under penalty of perjury.  Thus, Plaintiff claims that he seeks to vacate the judgment because "in his original filing[s]" he "made several clerical errors, mistakes, inadvertently or neglected to sign" his opposition brief "under penalty of perjury." *Id.*  Attached to his motion are "amended" versions of his opposition papers, including his amended opposition, "Statement of Disputed Factual Issues," and declaration in support of his opposition.  *See* Dkts. 117-1, 117-2, 177-3.  He also attached all the exhibits filed in support of his declaration.  *See* Dkts. 117-4 – 117-8.

In its March 18, 2016 Order, under the "Legal Standard of Summary Judgment" section, the Court stated as follows:

> A district court may only consider admissible evidence in ruling on a motion for summary judgment.  *See* Fed. R. Civ. P. 56(e); *Orr v. Bank of Am.*, 285 F.3d 764, 773 (9th Cir. 2002).  Unauthenticated documents and hearsay evidence are inadmissible, and consequently, may not be considered on summary judgment.  *Orr*, 285 F.3d at 773-74, 778.

Dkt. 115 at 19-20.  As to Plaintiff's supporting documents, the Court stated the following:

> Plaintiff has verified his supplement to his complaint, declaration in support of his opposition, and surreply by signing them under penalty of perjury.  Dkts. 1-1, 103, 113.  However, Plaintiff has not verified his opposition or his "Statement of Disputed Factual Issues" because he failed to sign either under penalty of perjury.  Plaintiff has also submitted a declaration by inmate Vincent C. Bruce; however, that document is unverified because it has not been signed under penalty of perjury by inmate Bruce.  Dkt. 95 at 3-4.  The Court may treat the allegations in the verified complaint and declaration as opposing affidavits to the extent such allegations are based on Plaintiff's personal knowledge and set forth specific facts admissible in evidence.  *See Schroeder v. McDonald*, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995) (treating a plaintiff's verified complaint as opposing affidavit where, even though verification not in conformity with 28 U.S.C. § 1746, he stated under penalty of perjury that contents were true and correct, and allegations were not based purely on his belief but on his personal knowledge).  Also attached to Plaintiff's complaint and opposition is the same emergency room record attached to Dr. Sayre's declaration.  Dkt. 1-2 (Compl., Ex. A); Dkt. 103-4 (Opp'n, Ex. D).  In addition, attached to the opposition is the same relevant sections from PBSP's Use of Force Policy that are attached to

4

> Defendant Tupy's declaration. Dkt. 103-3 (Opp'n, Ex. C(iv.)). As these documents are evidence already considered in connection with the summary judgment motion, the Court will also consider the same documents submitted by Plaintiff.

*Id.* at 21. The record shows that neither Plaintiff's opposition nor his "Statement of Disputed Factual Issues" was signed under penalty of perjury. *See* Dkts. 101, 102. However, Plaintiff's eight-page declaration in support of his opposition was signed under penalty of perjury, and the Court notes that all of his supporting exhibits were attached to his declaration. Dkt. 103. This declaration along with all the supporting exhibits were considered by the Court before it resolved the dispositive motion. The record also shows that Plaintiff had also submitted a declaration by inmate Bruce; however, the Court did not consider this declaration because it was not signed under penalty of perjury by inmate Bruce. *See* Dkt. 95 at 3-4. Plaintiff has requested the aforementioned continuance because he wishes for an opportunity to secure a copy of a verified declaration by inmate Bruce. *See* Dkt. 119 at 1. However, as further explained below, such a continuance is not warranted because even if the Court had considered the aforementioned unverified documents (including Inmate Bruce's declaration), the end result would not change. Therefore, Plaintiff's "Supplemental/Addendum Request," which has been construed as a motion for a continuance, is DENIED, and the Court will proceed to rule on the motion for reconsideration.

It seems that Plaintiff is attempting to argue that the Court erred in granting Defendants' joint dispositive motion without considering his opposition, "Statement of Disputed Factual Issues," and inmate Bruce's declaration. First, the Court finds that the record shows that none of the aforementioned documents were signed under penalty of perjury. Thus, the Court did not err by choosing not to consider these unverified documents. Even so, the Court also finds that Plaintiff's argument is entirely conclusory because he does not elaborate on how the information contained in these aforementioned documents creates a triable issue of fact. Such a conclusory argument is insufficient to warrant reconsideration of the Court's March 18, 2016 Order.

As Defendants note, at most Plaintiff's motion merely reargues matters already considered and decided by the Court. For example, Plaintiff attaches to the present motion the same eight-page declaration that he originally filed in support of his opposition. *See* Dkt. 117-3.

5

1    Because the original declaration was signed under penalty of perjury, the Court considered it
2    before ruling on Defendants' joint dispositive motion. Plaintiff has also attached all the same
3    exhibits that he submitted in support of his declaration, dkts. 117-4 – 117-8, which, again, the
4    Court previously considered prior to ruling on the joint dispositive motion. The repetition of
5    arguments that the Court already considered and rejected is not a proper basis for reconsideration.
6    *See Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991); c*f. Costello v. United States*, 765
7    F. Supp. 1003, 1009 (C.D. Cal. 1991) (Courts construing Federal Rule of Civil Procedure 59(e),
8    providing for the alteration or amendment of a judgment, have noted that a motion to reconsider is
9    not a vehicle permitting the unsuccessful party to "rehash" arguments previously presented, or to
10   present "contentions which might have been raised prior to the challenged judgment.").
11   Accordingly, for this reason, reconsideration is not warranted.
12        Even if the Court considers the aforementioned documents (some of which have since been
13   amended and are now signed under penalty of perjury), the result would not be any different.
14   Plaintiff's opposition and his "Statement of Disputed Factual Issues" contain the same information
15   as his complaint and his declaration in support of his opposition, which were considered by the
16   Court. For example, in Plaintiff's opposition, he cites to his complaint and his declaration when
17   pointed to alleged "factual dispute." *See* Dkt. 101 at 3; Dkt. 117-1 at 3. This information was
18   considered by the Court in its March 18, 2016 Order because both the complaint and Plaintiff's
19   declaration were considered prior to the Court's ruling. His "Statement of Disputed Factual
20   Issues" is merely a three-page document that includes a list of 31 statements that are allegedly
21   "genuine issues of material fact(s);" however, Plaintiff does not cite to the record after any of
22   these statements. *See* Dkt. 102 at 1-3. In contrast, the Court considered Plaintiff's complaint and
23   his declaration, which had attached supporting exhibits. Furthermore, the Court has reviewed
24   inmate Bruce's declaration and finds that it does not contain any new information relating to the
25   incident that was not already considered. *See* Dkt. 95 at 3-4. In addition, inmate Bruce states that
26   he was housed in "A pod" and the incident at issue took place in "F pod." *See id.* Inmate Bruce's
27   declaration contains information on what he *heard* the officers yelling during the incident, which
28   would have amounted to inadmissibly hearsay evidence that could not have been considered on

summary judgment. *See Orr*, 285 F.3d at 773-74, 778. Therefore, as explained above, there is no reason that warrants a continuation to allow the Plaintiff's to submit a verified version of inmate Bruce's declaration.

In sum, the Court finds unavailing Plaintiff's argument that the aforementioned previously-unverified documents—his opposition, the "Statement of Disputed Factual Issues," and inmate Bruce's declaration—create a triable issue of fact so as to warrant reconsideration of the Court's March 18, 2016 Order granting Defendants' joint dispositive motion. As explained above, even if the Court considers the aforementioned documents, the end result would not change because these documents do not contain any new information. Furthermore, the Court finds that Plaintiff does not make a valid showing of mistake, inadvertence, surprise or excusable neglect. He does not set forth any newly discovered evidence, fraud, or any grounds for finding that the judgment is void or has been satisfied. Lastly, Plaintiff argues that he feels prejudiced and requests "relief from the fraud, misrepresentations of fact and evidence submitted by opposing party." Dkt. 117 at 1. However, Plaintiff does not elaborate on this argument with any support from the record. Therefore, the Court construes such an argument as Plaintiff's mere dissatisfaction with the Court's March 18, 2016 Order, which is not an adequate ground for relief. *Twentieth Century - Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981). Accordingly, the Court DENIES Plaintiff's motion for reconsideration.

### III.   CONCLUSION

For the reasons outlined above, the Court orders as follows:

1. Plaintiff's "Supplemental/Addendum Request," which has been construed as a motion for a continuance, is DENIED. Dkt. 118.

2. Plaintiff's motion for reconsideration is DENIED. Dkt. 117.

3. This Order terminates Docket Nos. 117 and 118.

IT IS SO ORDERED.

Dated: November 23, 2016

_____
YVONNE GONZALEZ ROGERS
United States District Judge

7